UNITED STATES of America,
Plaintiff-Appellee,

v.

Jerome DALY, Defendant-Appellant.

No. 86–1660

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 6, 1987.

Jerome Daly, Pro Se.

Marvin Collins, U.S. Atty., Fort Worth, Tex., Michael L. Paup, Chief, Appellate Sec., U.S. Dept. of Justice, Tax Div., Roger M. Olsen, Robert E. Lindsay, Deborah W. Dawson, Asst. Attys. Gen., Washington, D.C., for plaintiff-appellee.

Before RANDALL, WILLIAMS, and GARWOOD, Circuit Judges.

PER CURIAM:

The Court, on its own motion, withdraws its opinion of June 29, 1987, in this case and substitutes the following:

This is an appeal from the district court's denial of the major relief which Jerome Daly requested in a Fed.R.Crim.P. 35 motion attacking one of his federal sentences. Daly has moved that the cause be remanded for consolidation with his pending 28 U.S.C. § 2255 motion to vacate. We DENY Daly's motion to remand for consolidation, but we REMAND the cause for the district court to state findings of fact and conclusions of law relative to Daly's Rule 35 motion.

In his Rule 35 motion, Daly requested that his 16–year sentence and fines be set aside as illegal; alternatively, he asked that the prison term be made subject to 18 U.S.C. § 4205(b)(2), making him eligible for parole at the discretion of the Parole Commission. The district court entered an order amending the judgment of conviction to include the § 4205(b)(2) provision, but did not advert to Daly's claims of illegality.

This Court consistently requires district courts to state findings and conclusions for their rulings on motions to vacate sentence filed under 28 U.S.C. § 2255. Findings and conclusions "are plainly indispensable to appellate review." *Hart v. U.S.*, 565 F.2d 360, 362 (5th Cir.1978). Such findings are necessary "unless the record conclusively shows that the petitioner is entitled to no relief." *U.S. v. Edwards*, 711 F.2d 633, 633 (5th Cir.1983).

While Rule 35 does not expressly require findings and conclusions, when a defendant has alleged that his sentence is illegal, ordinarily they are no less "indispensable to appellate review" than in a § 2255 appeal. In Daly's case, we are unable to accomplish appellate review without such findings and conclusions.

Daly has moved that the cause be remanded for consolidation with his pending § 2255 proceeding. He asserts that the two proceedings involve interrelated issues. In his § 2255 motion, Daly alleged that his sentence violated his Sixth Amendment rights. He also made that allegation in his brief relative to his Rule 35 appeal. As the Government points out, however, Daly did not so allege in the Rule 35 proceedings in the district court. Therefore, this Court will not consider the issue upon appeal of the Rule 35 judgment. *E.g., U.S. v. Scott*, 688 F.2d 368, 370 (5th Cir.1982).

Daly's motion to remand for consolidation is DENIED. The cause is REMANDED for findings of fact and conclusions of law.