48 F.3d 1220
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Owen HINTON, Jr., Defendant-Appellant.
 No. 93-6123.
 United States Court of Appeals, Sixth Circuit.
 March 8, 1995.
 
 1
 Before: NELSON and DAUGHTREY, Circuit Judges; and CHURCHILL, District Judge.*
 
 ORDER
 
 2
 Robert Owen Hinton, Jr., a pro se federal prisoner, appeals his conviction on five counts of drug and firearms offenses. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Hinton was charged in a superseding indictment with conspiracy to manufacture methamphetamine, aiding and abetting the attempt to manufacture methamphetamine, using a firearm during and in relation to a drug trafficking crime, resisting an agent of the Drug Enforcement Agency (DEA) with a dangerous weapon, and being a convicted felon in possession of a firearm. A jury convicted Hinton of all counts on May 13, 1993, following a three-day trial. He was sentenced on July 28, 1993, to a total of 420 months (35 years) in prison and ten years of supervised release. In addition, the court imposed $2,722.08 in restitution, representing half of the cost of disposing of the chemicals seized in this case, and a $250 special assessment.
 
 
 4
 In his pro se brief on appeal, Hinton raises the following alleged trial errors: (1) ineffective assistance of counsel, (2) prosecutorial misconduct, (3) insufficient evidence, (4) erroneous evidentiary rulings, and (5) improper admission of coconspirator statements. Shortly before this appeal was scheduled to be heard, Hinton, who had previously been represented by two successive attorneys and then proceeded pro se at his request, moved for appointment of counsel.
 
 
 5
 Upon review, we deny the motion for counsel and affirm the district court's judgment of conviction. Hinton's ineffective assistance of counsel claim is premature, and there were no trial errors warranting reversal. However, we vacate the order of restitution for the reason discussed below.
 
 
 6
 As a general rule, this court will not address ineffective assistance of counsel claims for the first time on direct appeal since there has not been an opportunity to develop and include in the record evidence bearing on the merits of the allegations. United States v. August, 984 F.2d 705, 711 (6th Cir.1992) (per curiam), cert. denied, 114 S.Ct. 158 (1993). " 'The more preferable route for raising an ineffective assistance of counsel claim is in a post-conviction proceeding under 28 U.S.C. Sec. 2255, which allows the parties to develop an adequate record on the issue.' " United States v. Vincent, 20 F.3d 229, 237-38 (6th Cir.1994) (quoting United States v. Carr, 5 F.3d 986, 993 (6th Cir.1993)). In his appellate brief, Hinton presents twenty allegations which he asserts support his claim that counsel was ineffective. The record contains little evidence bearing on the merits of these allegations, and we decline to depart from the general rule here. If Hinton wishes to pursue his ineffective assistance claim, he must initiate a proceeding under 28 U.S.C. Sec. 2255.
 
 
 7
 Hinton's assertion of prosecutorial misconduct is insufficient to warrant a new trial. He claims that the prosecutor acted improperly during his opening statement by referring to Hinton's prior drug conviction and by stating that Hinton had threatened to kill a DEA agent and attempted to run over the agent with a truck when testimony did not support these statements. "In order to deny a defendant a fair trial, prosecutorial misconduct and improper argument must be 'so pronounced and persistent that it permeate[d] the entire atmosphere of the trial.' " United States v. Lanier, 33 F.3d 639, 658 (6th Cir.1994) (quoting United States v. Castro, 908 F.2d 85, 89 (6th Cir.1990)). "Inappropriate remarks by the prosecutor do not alone justify reversal of a criminal conviction in an otherwise fair proceeding, as long as the jury's ability to judge the evidence fairly remains intact." Ibid. Because Hinton failed to object to the prosecutor's comments, the comments are reviewed for plain error. Id. at 659. We find no plain error here; testimony was presented on each of the matters to which the prosecutor alluded in his opening statement. The reference to the prior conviction was not improper, Hinton having been charged with being a felon in possession of a firearm.
 
 
 8
 Hinton next argues that the evidence was insufficient to convict him on any of the five counts. "The standard of review for claims of insufficient evidence is 'whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Forrest, 17 F.3d 916, 918 (6th Cir.) (per curiam) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original)), cert. denied, 114 S.Ct. 2115 (1994). The record in this case presents sufficient evidence upon which a rational juror could find Hinton guilty of each of the five counts charged.
 
 
 9
 Hinton challenges a number of evidentiary rulings made by the district court, including the admission of coconspirator statements. This court reviews the district court's evidentiary decisions for abuse of discretion, reversing only when an abuse of discretion has caused more than harmless error. See Cooley v. Carmike Cinemas, Inc., 25 F.3d 1325, 1330 (6th Cir.1994) (citing United States v. Markarian, 967 F.2d 1098, 1103 (6th Cir.1992), cert. denied, 113 S.Ct. 1344 (1993)). We find no abuse of discretion in the district court's rulings.
 
 
 10
 In particular, Hinton argues that the district court erred in admitting hearsay statements made by Whitley, his alleged coconspirator. The Federal Rules of Evidence provide that "[a] statement is not hearsay if--[t]he statement is offered against a party and is ... a statement by a coconspirator of a party during the course and in furtherance of the conspiracy." Fed.R.Evid. 801(D)(2)(E). Moreover, this court has held:
 
 
 11
 The judge may ... admit the hearsay statements [of coconspirators] subject to later demonstration of their admissibility by a preponderance of the evidence. If this practice is followed, the court should stress to counsel that the statements are admitted subject to defendant's continuing objection and that the prosecution will be required to show by a preponderance of the evidence that a conspiracy existed, that the defendant against whom the statements are hearsay was a participant and that the statements were made in the course and in the furtherance thereof.
 
 
 12
 United States v. Vinson, 606 F.2d 149, 153 (6th Cir.1979), cert. denied, 444 U.S. 1074 (1980).
 
 
 13
 The district court specifically followed this procedure in Hinton's case. It "easily" found that a conspiracy existed that included Hinton and Whitley and that each challenged statement was made in the course and in furtherance of the conspiracy. In light of our review of the sufficiency of the evidence as to the conspiracy count, we find that the trial court did not err in its conclusion.
 
 
 14
 In addition to the issues raised by the pro se appellant, we have reviewed the entire record for plain error and conclude that the district court did commit plain error in imposing restitution upon the defendant for half of the DEA's costs in disposing of the chemicals seized in this case. Although a district court generally has wide discretion to order restitution in a criminal case, see United States v. Frost, 914 F.2d 756, 774 (6th Cir.1990), whether the Victim and Witness Protection Act of 1982 (VWPA), 18 U.S.C. Secs. 3363-3364, authorizes an award of restitution to the government is an issue of statutory interpretation reviewed de novo. United States v. Meacham, 27 F.3d 214, 218 (6th Cir.1994).
 
 
 15
 A federal court has no inherent power to order restitution. United States v. Helmsley, 941 F.2d 71, 101 (2d Cir.1991), cert. denied, 112 S.Ct. 1162 (1992). Instead, a trial court may only award restitution for categories specifically enumerated by statute. United States v. Hicks, 997 F.2d 594, 601 (9th Cir.1993). It is apparent that restitution to the government was ordered pursuant to the VWPA. See Gall v. United States, 21 F.3d 107, 111 (6th Cir.1994).
 
 
 16
 The district court ordered restitution to be paid to the U.S. Department of Justice (DOJ) for expenses incurred by the DEA in disposing of the chemicals seized from Whitley's trailer, thus impliedly finding that the DOJ, a government agency, was a victim of Hinton's offense for purposes of the VWPA. Under the VWPA, a defendant may be required to make restitution only to the victim of his crime; "[t]he Act aims to protect victims, not to safeguard the government's financial interest...." Meacham, 27 F.3d at 218 (emphasis added). Accordingly, "restitution may not be awarded under the VWPA for investigation or prosecution costs incurred in the offense of conviction." Ratliff v. United States, 999 F.2d 1023, 1026 (6th Cir.1993).
 
 
 17
 Two points are clear from case law. First, the government or a government agency may be a victim of a crime within the meaning of the VWPA. This circumstance commonly occurs in cases of fraud, embezzlement, or tax evasion. See, e.g., Ratliff, 999 F.2d at 1027; United States v. Streebing, 987 F.2d 368, 374 (6th Cir.), cert. denied, 113 S.Ct. 2933 (1993); Helmsley, 941 F.2d at 101; United States v. Foulks, 905 F.2d 928, 931 (6th Cir.1990).
 
 
 18
 Secondly, no restitution is available to compensate the government for its costs in investigating and prosecuting an offense, because these are not direct losses for which restitution may be ordered under the VWPA. Ratliff, 999 F.2d at 1026. See, e.g., Meacham, 27 F.3d at 218 (no restitution for "buy money" expended in drug investigation); Gall, 21 F.3d at 112 (same); United States v. Salcedo-Lopez, 907 F.2d 97, 98-99 (9th Cir.1990).
 
 
 19
 The restitution sought in Hinton's case is improper because it would compensate the DOJ for investigative and prosecution costs similar to "drug buy" money. Although the money in this case was spent to dispose of evidence rather than to obtain evidence, it did not represent a direct loss intended by the defendant, but was a voluntary expenditure by the government. See Gall, 21 F.3d at 112. Therefore, we find that the district court erred in ordering restitution to the government in this case.
 
 
 20
 Accordingly, we affirm the district court's judgment of conviction. However, we vacate the order of restitution and remand this case for further proceedings in accordance with this court's order. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James P. Churchill, United States District Judge for the Eastern District of Michigan, sitting by designation