IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-21102
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VERLIN HILL, JR.,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-97-CV-883 and H-97-CR-21-1
- - - - - - - - - -
November 2, 1999

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Verlin Hill, Jr., federal prisoner #59690-079, seeks a certificate of appealability ("COA") in order to appeal the district court's dismissal of his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. He argues on appeal that (1) his counsel was ineffective for failing to challenge the Government's failure to dismiss the two conspiracy counts of the indictment and to recommend a cap of 20 years' imprisonment, as required by the plea agreement, and (2) his conviction for aiding and abetting in the use and carrying of a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

firearm during and in relation to a drug trafficking offense must also be vacated because he cannot be held liable for the substantive offenses of his co-conspirators in the absence of a conspiracy conviction. He has abandoned all of his other issues raised in district court by failing to argue them in the body of his brief on appeal. See Perillo v. Johnson, 79 F.3d 441, 443 n.1 (5th Cir. 1996)(appellant may not incorporate by reference portions of the district court record into his brief, and waives all issues not argued on appeal).

This court may grant COA only if Hill has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Hill has failed to make such as showing regarding the dismissal of the conspiracy counts and vacatur of his aiding and abetting conviction. The district court, however, failed to make any specific findings regarding whether Hill's counsel was ineffective for failing to object to the Government's failure to recommend a 20-year cap on imprisonment at sentencing.

The district court must set out its findings of fact and conclusions of law when ruling on a § 2255 motion unless the record conclusively shows that a defendant is entitled to no relief. See § 2255; United States v. Daly, 823 F.2d 871, 872 (5th Cir. 1987). A statement of findings of fact and conclusions of law is "indispensable to appellate review." Daly, 823 F.2d at 872. Examination of the record does not reveal a definitive recommendation by the Government regarding the 20-year imprisonment cap. There are indications in the record, however, that the Government's interpretation of the relevant plea

agreement provisions differed from the plain meaning interpretation espoused by the PSR.

The record therefore does not conclusively show that Hill is not entitled to relief regarding whether his counsel was ineffective for failing to object to the Government's failure to recommend a 20-year cap on imprisonment at sentencing. Accordingly, we grant the motion for COA, vacate, and remand to allow the district court to make factual findings and conclusions of law regarding this issue.

COA GRANTED; VACATED AND REMANDED.