**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Robert O. HINTON, Jr., Defendant–**
**Appellant.**

No. 00–5069.

United States Court of Appeals,
Sixth Circuit.

Feb. 5, 2001.

Before MARTIN, Chief Judge; COLE, Circuit Judge; and NUGENT, District Judge.*

## ORDER

Robert O. Hinton, Jr., proceeding pro se, appeals from a district court judgment denying his motion to reduce his sentence filed pursuant to 18 U.S.C. § 3582(c)(2). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1993, a jury found Hinton guilty of conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2, using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c), and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). The district court sentenced him to a total of 420 months of imprisonment. On appeal, this court affirmed his judgment of conviction and sentence. *United States v. Hinton*, No. 93–6123, 1995 WL 99091 (6th Cir. Mar. 8, 1995).

Thereafter, Hinton filed a motion to reduce his sentence, arguing that he is entitled to a reduction in his sentence because USSG § 2D1.1 had been amended in his favor. Upon review, the district court denied the motion as without merit. Hinton has filed a timely appeal reasserting his same claim.

Initially, we note that the district court did not set forth its findings of fact or conclusions of law when it denied Hinton's motion to reduce his sentence. Nonetheless, we affirm the district court's judgment because the record conclusively shows that Hinton is not entitled to relief. *See United States v. Daly*, 823 F.2d 871, 872 (5th Cir.1987); *United States v. Edwards*, 711 F.2d 633, 634 (5th Cir.1983).

Upon review, we conclude that the district court properly denied Hinton's motion to reduce his sentence. Appellate courts review a district court's order denying a § 3582(c)(2) motion for an abuse of discretion, *see United States v. Townsend*, 98 F.3d 510, 512 (9th Cir.1996), and they review the district court's findings of fact for clear error. *See United States v. Mimms*, 43 F.3d 217, 220 (5th Cir.1995). The district court properly denied Hinton's § 3582(c)(2) motion because the sentencing court calculated Hinton's sentence based on the amount of methamphetamine that he could have produced. *See* USSG § 2D1.1 Application Note 12; *United States v. Basinger*, 60 F.3d 1400, 1409 (9th Cir.1995); *United States v.. Roberts*, 5 F.3d 365, 372 (9th Cir.1993). Amendment 484 is not relevant to this case because the sentencing court did not base its calculation of Hinton's offense level on any "materials that must be separated from the controlled substance before the controlled substance can be used."

Finally, contrary to Hinton's argument on appeal, neither Amendment 484 nor the cases he cites stand for the proposition that the sentencing court may not *consider* the chemicals seized before the manufacturing process has been completed in order to estimate the amount of

* The Honorable Donald C. Nugent, United States District Judge for the Northern District of Ohio, sitting by designation.

controlled substances that a defendant could have produced. Rather, the cases that Hinton cites each involves a district court using the weight of either the waste water or unusable mixtures in an intermediate stage of the manufacturing process to arrive, not at the weight of methamphetamine or amphetamine that could be produced, but at the offense level. *See United States v. Mueller,* 168 F.3d 186, 188 (5th Cir.1999); *United States v. Sprague,* 135 F.3d 1301, 1302 (9th Cir. 1998); *United States v. Levay,* 76 F.3d 671, 672 (5th Cir.1996). Hence, these cases are distinguishable from the instant case.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.