# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

---

**No. 01-50779**
**USDC No. A-98-CR-281-2-JN**
**USDC No. A-00-CV-593-JN**

---

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**CURTIS DARRYL NORRIS,**

**Defendant-Appellant.**

--------------------

Appeal from the United States District Court
for the Western District of Texas

--------------------
April 16, 2002

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Curtis Norris seeks a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2255 motion.

Norris must obtain a COA to proceed on appeal. See 28 U.S.C. § 2253(c)(1)(B). A COA may be issued only if Norris has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Norris can satisfy this standard

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

if he shows "that 'reasonable jurists could debate whether (or, for that matter agree that) the [§ 2255 motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" Wheat v. Johnson, 238 F.3d 357, 359-60 (5th Cir.) (citations omitted), cert. denied, 121 S. Ct. 2226 (2001). Furthermore, "[w]here a district court has rejected constitutional claims on the merits, . . . [t]he [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The district court made insufficient findings on the controlling factual question, whether Norris requested counsel to file an appeal and whether counsel agreed to do so. See United States v. Daly, 823 F.2d 871, 872 (5th Cir. 1987) (findings and conclusions upon which the district court's rulings are based are required when denying section 2255 motions). COA is therefore GRANTED, the judgment is vacated, and the case is remanded to the district court for the purpose of making the necessary findings on the controlling issue. If the district court finds that counsel agreed, after sentencing, to file a direct appeal, it has authority to grant 28 U.S.C. § 2255 relief if such relief is appropriate. If the district court finds otherwise, the case should be returned to this court for full briefing.

COA is DENIED on the issues whether Norris's term of supervised release exceeded the statutory maximum and whether his sentence was excessive pursuant to Apprendi v. New Jersey, 530 U.S.

466 (2000).  Norris's motion to substitute counsel is also DENIED.


COA GRANTED IN PART, DENIED IN PART; SUBSTITUTION OF COUNSEL DENIED; JUDGMENT VACATED AND REMANDED.