

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-12-2006

# Wilson v. Reilly

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3390

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Wilson v. Reilly" (2006). *2006 Decisions.* Paper 1752.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1752

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-3390
_____

EDDIE WILSON,
                              Appellant

v.

EDWARD F. REILLY, JR.;
WARDEN MICHAEL PUGH

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 03-cv-00770)
District Judge: Honorable John E. Jones III
_____

Submitted Under Third Circuit LAR 34.1(a)
January 12, 2006

Before: MCKEE, FUENTES AND NYGAARD, <u>CIRCUIT</u> <u>JUDGES</u>

(Filed :   January 12, 2006)

OPINION
_____

PER CURIAM

    In 1977, Eddie Wilson was convicted of first-degree murder and armed robbery in

the Superior Court of the District of Columbia and was sentenced to a term of 28 years to

life imprisonment.  In 1987, while incarcerated at the Department of Corrections prison in

Lorton, Virginia, Wilson was indicted for possession with intent to distribute a Schedule IV controlled substance and possession of a knife. Although Wilson was subsequently convicted of the drug offense, he was found not guilty of the knife offense. In May 2001, after being transferred to the United States Penitentiary, Allenwood, Wilson received his initial parole hearing before the United States Parole Commission ("the Commission"). As is pertinent here, during the 2001 hearing the Hearing Examiner determined that Wilson had committed new criminal conduct in a prison facility, specifically, possession of a knife. Based on that finding, the Commission added an additional 12 to 16 months to Wilson's guideline range.

In May 2003, Wilson filed a 28 U.S.C. § 2241 petition in the United States District Court for the Middle District of Pennsylvania. In his petition, Wilson alleged only that the Commission improperly assessed the 12 to 16 months for possession of a knife. As relief, Wilson requested a "de novo hearing" before the Commission "to correct the error." By order entered June 19, 2003, the District Court summarily dismissed Wilson's petition. Wilson appealed. Finding summary dismissal of his petition inappropriate under the circumstances, this Court vacated the District Court's June 19, 2003, judgment and remanded the matter for further proceedings in March 2004.[1]  C.A. No. 03-3462.

---

[1] Wilson is under the mistaken belief that in 2004 we: (1) found a due process violation; (2) directed the District Court to grant his petition; and (3) determined that he was entitled to parole in August 2003. To the contrary, we specifically "express[ed] no opinion as to the ultimate merits" of Wilson's claim, concluding only that summarily dismissal was inappropriate. To that end, we remanded Wilson's case to the District

2

Shortly thereafter, Wilson received a second parole hearing before the Commission. By notice of action dated July 7, 2004, the Commission found that because Wilson was a "more serious risk than indicated by [his] Base Point Score," an upward departure from the guideline range of 324 to 350 months was appropriate. The Commission ordered a reconsideration hearing to be held in June 2007. Wilson then filed in the District Court a "motion for the court to take judicial notice" that the Commission acted "in a retaliatory and vindictive manner" when it again denied him parole. Finding that the factual matter at issue was subject to reasonable dispute, Wilson's motion was denied by the District Court on August 12, 2004. Wilson's motion for reconsideration was likewise denied by the District Court on January 10, 2005.

The defendants then filed a motion to dismiss Wilson's § 2241 petition. By order entered January 19, 2005, the District Court denied the defendants' motion and scheduled an evidentiary hearing for February. However, on January 26, 2005, the Commission reopened Wilson's case and ordered that a special reconsideration hearing be held on March 28, 2005, so that Wilson's Current Total Guideline Range could be recalculated without the 12 to 16 month assessment for possession of a knife. Because the defendants agreed to provide Wilson with the relief sought in his § 2241 petition, i.e., a new hearing

Court "for further proceedings," not with instructions for the District Court to grant Wilson's § 2241 petition. Likewise, although we noted *Wilson's* "assert[ion] that in the absence of the allegedly inaccurate 12 to 16 month assessment, his parole guideline range expired in August 2003," we clearly did not conclude that Wilson's parole guideline range expired in August 2003 or that he would be entitled to parole at that time.

before the Commission to correct the 12 to 16 month assessment, the District Court dismissed Wilson's § 2241 petition as moot by order entered January 28, 2005.

On February 7, 2005, Wilson filed a timely motion to reopen or to alter or amend the January 28 judgment. While his motion was pending in the District Court, Wilson's special reconsideration hearing was conducted. At the hearing, the 12 to 16 month assessment for possession of a knife was excluded, and Wilson's guideline range was reduced from 324 to 350 months to 312 to 324 months. On that basis, the Hearing Examiner recommended a presumptive parole release date of October 26, 2006. However, the Commission rejected the Hearing Examiner's recommended presumptive parole release date, instead determining that Wilson should remain confined pending a three year reconsideration hearing in March 2008. Wilson then filed a supplement to his February 7 motion, in which he argued that his due process rights were violated during March 28 special reconsideration hearing because: (1) his attorney was not permitted to attend the hearing; and (2) the Commission acted vindictively when it determined that he would not be eligible for a new parole hearing until March 2008.

By order entered July 15, 2005, the District Court denied without prejudice Wilson's February 7 motion. Although it expressed concern about the fairness of Wilson's March 28 hearing, the District Court nonetheless concluded that there were no grounds to reopen the matter or to modify the January 28 judgment insofar as Wilson had clearly obtained the relief sought in his § 2241 petition. The District Court, however,

explained that Wilson was free to file a new § 2241 petition challenging the March 28 hearing and attached to the order the appropriate forms.

Wilson has timely appealed the District Court's August 12, 2004, and January 10, January 28, and July 15, 2005, orders. Our review of the District Court's decision to dismiss Wilson's § 2241 petition is plenary, see Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002), and we review the District Court's orders denying his motions for judicial review, to reopen and those filed pursuant to Fed. R. Civ. P. 59(e) for an abuse of discretion. See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1323 (3d Cir. 2002) (motions for judicial review); United States v. Coward, 296 F.3d 176, 180 (3d Cir. 2002) (motions to reopen); Max's Seafood Café v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999) (motions for reconsideration).

The Federal Rules of Evidence permit a District Court to take judicial notice of facts that are "not subject to reasonable dispute." Fed. R. Civ. P. 201(b). "A judicially noticed fact must either be generally known within the jurisdiction of the trial court, or be capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be question." Werner v. Werner, 267 F.3d 288, 295 (3d Cir. 2001). The facts alleged by Wilson in his motion to take judicial notice fall far short of this standard. Whether the Commission acted "in a retaliatory and vindictive manner" when it again denied him parole in 2004 is neither a matter of common knowledge, nor is it easily verifiable by resort to a source whose accuracy cannot reasonably be questioned. See,

5

e.g., LaSalle Nat'l Bank v. First Conn. Holding Gr., LLC, 287 F.3d 279, 290-91 (3d Cir. 2002). Accordingly, the District Court did not abuse its discretion when it denied Wilson's motion to take judicial notice or his subsequent motion for reconsideration of the August 12, 2004, order.

"[T]he exercise of judicial power depends upon the existence of a case or controversy." Chong v. District Dir., I.N.S., 264 F.3d 378, 383 (3d Cir. 2001). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496 (1969). A court's ability to grant effective relief lies at the heart of the mootness doctrine. County of Morris v. Nationalist Mvmt., 273 F.3d 527 533 (3d Cir. 2001); see also In re Material Witness Warrant Nichols, 77 F.3d 1277, 1270 (10th Cir. 1996) (noting that mootness means that it would be impossible to grant the petitioner any meaningful relief on his claims). Thus, "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996).

We agree with the District Court that events occurring subsequent to the filing of Wilson's § 2241 petition rendered his claim moot. In his § 2241 petition, Wilson requested only a new parole hearing before the Commission to correct the assessment of the 12 to 16 months for possession of a knife. On January 26, 2005, Wilson's case was

6

reopened and a special reconsideration hearing ordered so that the 12 to 16 month assessment could be removed from his guideline range. Thus, because the relief Wilson sought in his petition had been provided, the District Court could fashion no reasonable remedy for him. Under these circumstances, the District Court did not err in dismissing Wilson's § 2241 petition as moot.

Likewise, the District Court did not abuse its discretion in denying Wilson's motion for reconsideration of the January 28, 2005, order. As the District Court correctly noted, in order to obtain reconsideration, Wilson had to show an intervening change in the law, the availability of new evidence, or the need to correct a clear error of law or fact to prevent a manifest injustice. Max's Seafood Café, 176 F.3d at 677. Here, Wilson does not allege an intervening change in the controlling law. Instead, he contends both that his motion for reconsideration was supported by new evidence and that the District Court's decision to dismiss his § 2241 petition resulted in manifest injustice. First, even if Wilson offered new evidence in his motion for reconsideration and supplement thereto, the evidence did not warrant reconsideration of the District Court's January 28 order. The "new evidence" offered by Wilson related only to his March 28 reconsideration hearing. Thus, it had no bearing on whether the District Court erred in dismissing Wilson's § 2241 petition as moot. See generally United States v. Fiorelli, 337 F.3d 282, 288 (3d Cir. 2003) (explaining that a Rule 59(e) motion for reconsideration is, inter alia, a "device to relitigate the original issue decided by the district court") (citations and quotations

7

omitted). Furthermore, as discussed herein, because Wilson's § 2241 petition became moot during the pendency of his action, the District Court's January 28 order did not constitute manifest injustice.

Finally, we note that as the District Court explained in its July 15, 2005, order, Wilson may file a new § 2241 petition raising any alleged constitutional violations stemming from his March 28, 2005, reconsideration hearing.

For the foregoing reasons, we will affirm the District Court's January 28, 2005, order.