IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 28, 2008

Charles R. Fulbruge III
Clerk

No. 07-40139
Summary Calendar

RICHARD JAMES TUCKER

Plaintiff-Appellant

v.

UNITED STATES OF AMERICA

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:05-CV-17
USDC No. 4:01-CR-89-1

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Richard James Tucker, federal prisoner # 09351-078, moves for a certificate of appealability (COA) to appeal the denial of his 28 U.S.C. § 2255 motion, challenging his conviction and consecutive 60-month terms of imprisonment for securities fraud in violation of 15 U.S.C. § 77q(a) and § 77x;

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and for mail fraud in violation of 18 U.S.C. § 1341. Tucker also moves for release pending disposition of his COA and his appeal if the COA is granted.

Tucker raises several ineffective assistance claims against his counsel. First, Tucker argues that his trial counsel was ineffective in numerous ways and that the district court abused its discretion in denying his § 2255 motion with respect to these claims without an evidentiary hearing. Second, Tucker argues that we should presume that his trial counsel's performance was prejudicial under United States v. Cronic, 466 U.S. 648, 659 (1984). Finally, Tucker argues that appellate counsel was ineffective in: (1) failing to argue that the absence of a specific unanimity of theory instruction was plain error because no investor met the dual standard of materiality and mailing; and (2) failing to argue that his consecutive sentences violated the Double Jeopardy Clause because mail fraud is a lesser included offense of securities fraud.

To obtain a COA, Tucker must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Tucker must show that jurists of reason could debate the propriety of the district court's assessment of his constitutional claims or conclude that his claims "are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003); see Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

A district court may deny a § 2255 motion without conducting a hearing "only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." United States v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992). This court reviews the denial of an evidentiary hearing in a § 2255 proceeding for abuse of discretion. See id. This court will not find that a district court abused its discretion in refusing to conduct an evidentiary hearing unless the § 2255 movant "produce[s] independent indicia of the likely merit of [his] allegations." United States v. Edwards, 442 F.3d 258, 264 (5th Cir. 2006) (internal quotation marks and citation omitted). Contested factual issues may not be decided on the basis of affidavits alone unless the affidavits are

supported by other evidence in the record. United States v. Hughes, 635 F.2d 449, 451 (5th Cir. 1981). When facts are at issue in a § 2255 proceeding, a hearing is required if: (1) the record, as supplemented by the trial judge's personal knowledge or recollection, does not conclusively negate the facts alleged in support of the claim for § 2255 relief; and (2) the movant would be entitled to post-conviction relief as a legal matter if his factual allegations are true. Friedman v. United States, 588 F.2d 1010, 1015 (5th Cir. 1979); see United States v. Briggs, 939 F.2d 222, 228 (5th Cir. 1991).

The district court denied relief on Tucker's ineffective assistance of trial counsel claims in reliance on an affidavit submitted by the allegedly ineffective trial counsel but without addressing the affidavits that Tucker submitted in support of his § 2255 motion. Tucker, however, has identified factual disputes with respect to his ineffective assistance of counsel claims that cannot be decided on the basis of these affidavits alone. See Hughes, 635 F.2d at 451. Therefore, the motions, files, and records in this case do not show conclusively that Tucker is not entitled to any relief on his claims of ineffective assistance of trial counsel. See § 2255(b). Accordingly, the district court abused its discretion in denying Tucker's ineffective assistance claims without conducting an evidentiary hearing. See Bartholomew, 974 F.2d at 41. We therefore GRANT a COA on the issue of whether trial counsel rendered ineffective assistance, VACATE the judgment of the district court in part, and REMAND these claims for an evidentiary hearing. In so doing, however, we offer no opinion on the merits of Tucker's claims of ineffective assistance of trial counsel.

Although Tucker has identified a factual dispute with respect to his ineffective assistance claims against trial counsel, Tucker cannot show that his experienced trial counsel provided no actual assistance. Therefore, we will not presume that trial counsel's performance was prejudicial under Cronic, 466 U.S. at 659. Accordingly, we DENY a COA on this claim. See § 2253(c)(2); Miller-El, 537 U.S. at 327; Slack, 529 U.S. at 483-84.

The district court did not address Tucker's claims that appellate counsel rendered ineffective assistance. The court only observed that Tucker's complaints regarding the jury charge had been litigated on direct appeal and that we had rejected his double jeopardy claim on direct appeal. However, on direct appeal, we did not address Tucker's claims that: (1) appellate counsel was ineffective in failing to argue that the absence of a specific unanimity of theory instruction was plain error because no investor met the dual standard of materiality and mailing; or that (2) appellate counsel was ineffective in failing to argue that Tucker's consecutive sentences violated the Double Jeopardy Clause because mail fraud was a lesser included offense of securities fraud.

"This Court consistently [has] require[d] district courts to state findings and conclusions for their rulings on motions to vacate sentence filed under 28 U.S.C. § 2255." United States v. Daly, 823 F.2d 871, 872 (5th Cir. 1987). Providing findings of fact and conclusions of law is "indispensable to appellate review." Id. (citation omitted). Because the district court did not address Tucker's ineffective assistance of appellate counsel claims, we cannot ascertain on what basis the district court rejected them. Accordingly, we GRANT a COA on Tucker's ineffective assistance of appellate counsel claims, and REMAND these claims to the district court to provide reasons for its denial of these claims.

We next address Tucker's motion for release. We may grant release to a prisoner pending post-conviction habeas corpus review "only when the petitioner has raised substantial constitutional claims upon which he has a high probability of success and also when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective." Calley v. Callaway, 496 F.2d 701, 702 (5th Cir. 1974). We cannot assess the strength of Tucker's constitutional claims until the district court conducts the necessary fact-finding on remand. Tucker contends that this case presents exceptional circumstance such that habeas relief would be ineffective. Specifically, Tucker contends that he has served the full sentence for his

securities fraud conviction and that his second mail fraud conviction is unconstitutional because mail fraud is a lesser included offense of securities fraud. Thus, according to Tucker, habeas relief will be ineffective because each day he spends in prison for mail fraud is a day of unconstitutional confinement. Tucker's claim, at base, is non-unique; it is effectively the same claim that every habeas petitioner makes who is challenging the fact of his confinement. Moreover, our precedent and the precedent of the Supreme Court weigh against a finding that mail fraud is a lesser included offense of securities fraud. See Edwards v. United States, 312 U.S. 473, 483-84 (1941); United States v. Bruce, 488 F.2d 1224, 1230 (5th Cir. 1973) Accordingly, we DENY Tucker's motion for release pending disposition of his COA application.

Finally, Tucker has abandoned all of his challenges under, Blakely v. Washington, 542 U.S. 296 (2004) and United States v. Booker, 543 U.S. 220 (2005), by failing to argue them in this application. See Hughes v. Johnson, 191 F.3d 607, 613 (5th Cir. 1999). Accordingly, we DENY a COA on these claims.


COA GRANTED in part and DENIED in part;
Judgment VACATED in part and REMANDED;
Motion for Release DENIED.