# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 2, 2009

Charles R. Fulbruge III
Clerk

No. 07-30082
Summary Calendar

STEVEN M. HUNTER

Petitioner-Appellant

v.

UNITED STATES PAROLE COMMISSION

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:06-CV-1745

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Steven M. Hunter, federal prisoner # 03704-017, appeals the district court's denial of his petition pursuant to 28 U.S.C. § 2241 (2008). For the following reasons, we AFFIRM IN PART and VACATE AND REMAND IN PART.

## I. FACTUAL & PROCEDURAL BACKGROUND

In 1996, Hunter was convicted in the Superior Court of the District of Columbia of first degree burglary, aggravated assault, and assault with a

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

dangerous weapon. Hunter was sentenced to not less than ten nor more than thirty-one years of imprisonment. On some unspecified date, in a prison disciplinary hearing, Hunter was also convicted of assaulting a corrections officer. Based on this disciplinary infraction, the United States Parole Commission (USPC) added twelve to eighteen months[1] to Hunter's parole guideline range.

On October 6, 2006, Hunter filed a habeas petition pursuant to 28 U.S.C. § 2241, alleging the following: (1) the USPC erred in failing to grant his petition for a special reconsideration hearing; (2) the USPC's application of the amended parole guidelines was unconstitutional, in violation of the Ex Post Facto Clause, and an abuse of discretion; (3) the USPC violated the Equal Protection Clause by treating him differently than similar District of Columbia (D.C.) prisoners; (4) the USPC impermissibly considered a recorded telephone conversation between him and his mother; and (5) the USPC abused its discretion when it failed to accept the hearing examiner's recommendation.

On December 8, 2006, the magistrate judge issued a report recommending that Hunter's § 2241 petition be denied and that his case be dismissed with prejudice. The district court adopted the magistrate judge's findings and denied Hunter's § 2241 petition with prejudice. The district court entered its judgment on January 3, 2007, and Hunter filed a timely notice of appeal.

Within ten days after the entry of judgment, Hunter filed his objections to the magistrate judge's report and recommendation. He explained that his copy of the report and recommendation was sent to the incorrect prison and, consequently, he had not received it until January 3, 2007. Hunter asked that

---

[1] It is unclear from Hunter's appellate brief whether the USPC added twelve to eighteen months or twelve to twenty-two months to his parole guideline range. The magistrate judge's report and recommendation asserts that the USPC added only twelve to eighteen months to Hunter's parole guideline range. However, this inconsistency is neither relevant to nor determinative of the outcome of this appeal. What is relevant is that the USPC delayed Hunter's parole eligibility by several months.

the district court consider his objections, but the district court did not address them.

On appeal, this Court construed Hunter's objections as a motion under Federal Rule of Civil Procedure 59(e) and remanded to the district court for the limited purpose of ruling on the outstanding motion. On remand, the district court reviewed the magistrate judge's report and recommendation, Hunter's objections, and the prior judgment. The district court concluded that Hunter raised no claim that had not been adequately addressed in the report and recommendation. Consequently, Hunter's Rule 59(e) motion was denied and his earlier filed notice of appeal became effective.

## II. STANDARD OF REVIEW

"In the context of a § 2241 petition, this [C]ourt 'reviews the district court's determinations of law de novo and its findings of facts for clear error.'" Royal v. Tombone, 141 F.3d 596, 599 (5th Cir. 1998) (quoting Venegas v. Henman, 126 F.3d 760, 761 (5th Cir. 1997)).

## III. DISCUSSION

### A.

Hunter first contends that the district court erred by failing to consider his objections to the magistrate judge's report and recommendation. As discussed above, on remand, the district court reviewed de novo the magistrate judge's report and recommendation in conjunction with Hunter's objections. The district court concluded that Hunter did not raise any claims not adequately addressed by the report and recommendation. Therefore, this argument is without merit.

### B.

Hunter next argues that the district court erred by summarily dismissing his Ex Post Facto claim. Hunter contends that the USPC violated the Ex Post Facto Clause because the parole guidelines are "laws" and the USPC's

retroactive application of guidelines not in effect at the time of his 1996 conviction created a significant risk of increased punishment.[2]

The Ex Post Facto Clause is designed in part "to bar enactments which, by retroactive operation, increase the punishment for a crime after its commission." Garner v. Jones, 529 U.S. 244, 249 (2000). Retroactive changes to laws governing parole of prisoners may, in some cases, violate this precept. Id. More specifically, "changes to parole eligibility could retroactively increase punishment" in violation of the Ex Post Facto Clause. Wallace v. Quarterman, 516 F.3d 351, 355 (5th Cir. 2008). The controlling inquiry is whether retroactive application of the new law, as applied to Hunter's sentence, creates "a sufficient risk of increasing the measure of punishment attached to the covered crimes." Garner, 529 U.S. at 250. A speculative and attenuated possibility of increasing the measure of punishment is not a "sufficient risk" so as to establish an Ex Post Facto violation. Cal. Dep't of Corrections v. Morales, 514 U.S. 499, 508-09 (1995). If "the rule does not by its own terms show a significant risk, the respondent must demonstrate . . . that its retroactive application will result in a longer period of incarceration than under the earlier rule." Garner, 529 U.S. at 255. A parole board's "discretion does not displace the protections of the Ex Post Facto Clause." Id. at 253.

Hunter submits that under the amended guidelines, the USPC: (1) calculated a salient factor score to determine how many months to add to his

_____

[2]When Hunter was convicted, the D.C. Board of Parole made all parole decisions, pursuant to D.C.'s parole laws and regulations, for defendants convicted in the Superior Court for the District of Columbia. See Ellis v. District of Columbia, 84 F.3d 1413, 1415 (D.C. Cir. 1996). On August 5, 1998, the USPC assumed the D.C. Board of Parole's authority, was given exclusive jurisdiction over parole decisions for all D.C. felony offenders, and was given exclusive authority to amend or supplement any regulation interpreting or implementing D.C.'s parole laws concerning felons. See National Capital Revitalization and Self-Government Improvement Act of 1997, Pub. L. No. 105-33, §11231(a)(1), 111 Stat. 712, 745 (1997) (codified as amended at D.C. CODE § 24-131(a)(1)). Based on its newfound authority under § 24-131, the USPC amended D.C.'s parole guidelines in 1998 and 2000, now set forth at 28 C.F.R. § 2.80. These were the guidelines applied to Hunter.

guideline range for disciplinary infractions; (2) considered one of his disciplinary infractions as new criminal conduct despite his never having been indicted; (3) failed to award him any months for his Superior Program Achievement; and (4) applied a severity rating to his disciplinary infractions. He contrasts the application of the new guidelines against the application of the former parole guidelines, alleging that the D.C. Board of Parole did not use a salient factor score to determine how many months should be added for disciplinary infractions, would not have considered his disciplinary infraction as new criminal conduct, would only have considered disciplinary infractions within the past year, would not have applied a severity rating to his disciplinary infractions, and would have awarded him a reduction for his Superior Program Achievement.

The district court summarily rejected Hunter's Ex Post Facto claim without developing whether retroactive application of the new guidelines, as applied to Hunter, significantly increased the risk of prolonged incarceration. Rather, the district court considered "the key factor" to be that, like its predecessor the D.C. Board of Parole, the USPC exercises broad discretion in determining a prisoner's parole guidelines. According to the district court, since either body could exercise discretion, it would be impossible for Hunter to establish a significant risk of increased punishment. But, as noted above, a parole board's discretion does not displace Ex Post Facto concerns. Garner, 529 U.S. at 253. The district court should have compared the guidelines at issue with the old guidelines to determine whether there were facial distinctions and whether their applications as to Hunter yielded different results. See id. at 255-57. As is, the record is insufficient for this Court to determine whether the amended parole guidelines created a significant risk of increased punishment. Accordingly, the district court's denial of Hunter's Ex Post Facto claim is vacated and we remand the case to the district court for reconsideration of this issue.

C.

Hunter also contends that the USPC violated his right to equal protection by treating him differently than similarly situated D.C. offenders. To prevail on an equal protection claim, Hunter must show that the USPC "purposefully discriminated against him and that he was treated differently from similarly-situated prisoners." Longoria v. Dretke, 507 F.3d 898, 904 (5th Cir. 2007). Hunter has alleged that he was treated differently than another similarly situated prisoner. He has not, however, alleged or proffered any evidentiary basis for, nor does the record support, a finding that such treatment stemmed from discriminatory intent. Even pro se litigants must brief arguments in order to preserve them. Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). Accordingly, Hunter's equal protection claim is deemed abandoned. See id.

D.

Hunter does not reassert either his claim that the USPC impermissibly considered a recorded telephone conversation between him and his mother, or his claim that the USPC erred in failing to grant his petition for a special reconsideration hearing. Further, aside from conclusional allegations, Hunter does not challenge the district court's determination that D.C.'s parole scheme does not create a liberty interest in parole. Because Hunter never argued these claims in his appellate brief, they are likewise deemed abandoned. See Yohey, 985 F.2d at 224-25.

E.

Hunter submits that the USPC's application of the amended parole guidelines was an abuse of discretion, an abuse of authority, capricious, prejudicial, illegal, and unwarranted. The district court did not address this claim. A statement of findings of fact and conclusions of law is indispensable to appellate review. United States v. Daly, 823 F.2d 871, 872 (5th Cir. 1987). Therefore, the case is remanded to the district court for consideration of this issue.

## F.

Hunter contends that the USPC has failed to provide him a parole rehearing in retaliation for the instant appeal.  Because this issue is raised for the first time on appeal, we will not consider it.  See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).

## IV.  CONCLUSION

AFFIRMED IN PART, VACATED AND REMANDED IN PART.