# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 21, 2010

Lyle W. Cayce
Clerk

No. 10-50268
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CRISTOBOL RODRIGUEZ-MARIN, Also Known as Cristobol Marin-Rodriguez,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:08-CV-370

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Cristobol Rodriguez-Marin, federal prisoner # 56790-180, seeks a certificate of appealability ("COA") to appeal the denial of his 28 U.S.C. § 2255 motion. He is incarcerated for his conviction of aiding and abetting Lizandro Gonzalez-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rodriguez's possession with intent to distribute at least 500 grams of methamphetamine.

To obtain a COA, Rodriguez-Marin must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet that standard, he must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the [§ 2255 motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The COA determination requires an overview of the claims and a general assessment of their merits. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). That threshold inquiry does not require a showing that the appeal will succeed. *Id.*

Rodriguez-Marin argues, as he did in the district court, that counsel was ineffective for failing to call Gonzalez-Rodriguez as a witness during his trial and that Gonzalez-Rodriguez was available and willing to testify that Rodriguez-Marin was not involved in the offense. To support his claim, he presented the district court with an unsworn letter from Gonzalez-Rodriguez that was written in Spanish. The letter, which was allegedly translated into English by Gonzalez-Rodriguez's counsel, purportedly states that Rodriguez-Marin had nothing to do with the offense.

Rodriguez-Marin also provided the court with a portion of the transcript from Gonzalez-Rodriguez's sentencing proceeding, during which Gonzalez-Rodriguez stated that Rodriguez-Marin had nothing to do with the offense. Rodriguez-Marin also argues, as he did in the district court, that counsel was ineffective for failing to raise a Fourth Amendment objection to the drug evidence and for failing to raise a Fourth Amendment claim on appeal.

Rodriguez-Marin has abandoned his claims before the district court of actual innocence, that the search and seizure of the vehicle that led to his arrest violated the Fourth Amendment, that the government failed to prove the drug quantity, and that counsel's failure to raise the drug quantity issue on direct ap-

peal was plain error. *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999); *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). By failing to challenge the district court's determination that Gonzalez-Rodriguez's letter was inadmissible hearsay, Rodriguez-Marin has abandoned any challenge to the denial of § 2255 relief on his claim that counsel was ineffective for failing to introduce the letter at trial. *See Hughes*, 191 F.3d at 613; *Yohey*, 985 F.2d at 224-25.

Because Gonzalez-Rodriguez's purported testimony would have been relevant to and supportive of Rodriguez-Marin's defense that he did not actually or constructively possess the drugs recovered on the day of his arrest, reasonable jurists could agree that the issue of whether counsel was ineffective for failing to call Gonzalez-Rodriguez as a witness at trial is "adequate to deserve encouragement to proceed further." *Slack,* 529 U.S. at 484. Accordingly, a COA is GRANTED in part on that issue. Because the government was not served in the underlying § 2255 proceeding and because the district court did not expressly address Rodriguez-Marin's claim that counsel was ineffective for failing to call Gonzalez-Rodriguez as a witness, we vacate the judgment to the extent it denied § 2255 relief on that claim and remand for consideration of the issue and, if necessary, an evidentiary hearing. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1998).

The district court did not address Rodriguez-Marin's claim that counsel was ineffective for failing to raise a Fourth Amendment claim before, during, or after trial and on direct appeal. A COA is also GRANTED in part on that issue. *See United States v. Daly,* 823 F.2d 871, 872 (5th Cir. 1987). On remand, therefore, the district court also should consider the issue of whether counsel was ineffective for failing to raise a Fourth Amendment claim. Rodriguez-Marin's motion for a COA is DENIED in all other respects. His motion for leave to proceed *in forma pauperis* on appeal is GRANTED. We express no opinion on what decisions the district court should make on remand.