# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 30, 2010

No. 09-31186
Summary Calendar

Lyle W. Cayce
Clerk

STEVEN M. HUNTER,

Petitioner-Appellant

v.

UNITED STATES PAROLE COMMISSION,

Respondent-Appellee

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 1:06-CV-1745

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Steven M. Hunter, federal prisoner # 03704-017, appeals the district court's denial of his 28 U.S.C. § 2241 petition alleging, in relevant part, that the United States Parole Commission's (USPC) application of amended parole guidelines violated the Ex Post Facto Clause and was an abuse of discretion. In 1996, Hunter was convicted in the Superior Court for the District of Columbia of assault, first degree burglary, assault with a dangerous weapon, and aggravated assault. At the time of his conviction, parole decisions for defendants

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-31186

convicted in the Superior Court for the District of Columbia were made by the District of Columbia Board of Parole (D.C. Board) pursuant to the District of Columbia's (D.C.) parole guidelines. *See Ellis v. District of Columbia*, 84 F.3d 1413, 1415 (D.C. Cir. 1996). On August 5, 1998, the USPC assumed the D.C. Board's authority and was given exclusive jurisdiction over parole decisions for all D.C. felony offenders, including the exclusive authority to amend or supplement regulations interpreting or implementing the parole laws applicable to these offenders. *See* National Capital Revitalization and Self-Government Improvement Act of 1997, Pub. L. No. 105-33, §11231(a)(1), 111 Stat. 712, 745 (1997) (codified as amended at D.C. Code § 24-131(a)(1)). Pursuant to this authority, the USPC amended D.C.'s parole guidelines in 1998 and 2000. *See Fletcher v. Reilly*, 433 F.3d 867, 870 (D.C. Cir. 2006).

On February 2, 2009, this court remanded the case to the district court for consideration of: (1) whether the USPC's application of the amended parole guidelines at Hunter's 2005 and 2008 parole hearings violated the Ex Post Facto Clause; and (2) whether the USPC's application of the amended parole guidelines at these hearings was an abuse of discretion, an abuse of authority, capricious, prejudicial, illegal, and unwarranted. *Hunter v. U.S. Parole Comm'n*, 308 F. App'x 856, 859-60 (5th Cir. 2009). On July 27, 2009, the USPC conducted a new parole determination hearing applying the guidelines in effect at the time Hunter committed his offenses of conviction. The district court subsequently denied Hunter's ex post facto and abuse of discretion claims and dismissed his § 2241 petition with prejudice.

Were Hunter to prevail on his ex post facto and abuse of discretion claims, he would not be entitled to immediate release. *See Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005). At best, he would be entitled to a new parole hearing applying the old guidelines at which the USPC could, in its discretion, decline to shorten his prison term. *See id.*; *see also Sellmon v. Reilly*, 551 F. Supp. 2d 66, 84 (D.D.C. 2008). Because Hunter was afforded this relief when the USPC conducted the

No. 09-31186

July 27, 2009, hearing, Hunter's § 2241 petition and the instant appeal are moot. *See Wilson v. Reilly*, 163 F. App'x 122, 125 (3d Cir. 2006); *Gassaway v. U.S. Parole Comm'n*, No. 3:08CV415, 2010 WL 2928554, at \*1 (E.D. Va. July 22, 2010) (unpublished); *Genniro v. Salazar*, No. SA CV 07-1325-JVS (E), 2009 WL 89135, at \*3-6 (C.D. Cal. Jan. 13, 2009) (unpublished).   Further, because Hunter's parole will continue to be determined under the old guidelines, *see* 28 C.F.R. § 2.80(o)(1)-(2), there is no reasonable expectation that the alleged violations will recur.  *See Tex. Office of Pub. Util. Counsel v. FCC*, 183 F.3d 393, 413-14 (5th Cir. 1999).

Finally, to the extent Hunter challenges the July 27, 2009, hearing and the USPC's subsequent denial of parole, these claims are beyond the scope of this court's mandate and pending before the Middle District of Pennsylvania in *Hunter v. Bledsoe*, No. 1:10-CV-00137.  Therefore, the instant appeal is moot and DISMISSED for lack of jurisdiction.  *See Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987).  Hunter's motion for leave to file a supplemental appellant's brief is GRANTED, and his motion for bail pending appeal is DENIED.