# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 12, 2020

Lyle W. Cayce
Clerk

No. 19-20867

United States of America,

*Plaintiff—Appellee*,

*versus*

Minh Le, *also known as* Iso,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-4460
USDC No. 4:16-CR-157-1

Before Jones, Costa, and Wilson, *Circuit Judges*.

Per Curiam:*

Minh Le, federal prisoner # 06182-479, pleaded guilty to conspiracy to possess methamphetamine with intent to distribute, and he was sentenced to 120 months of imprisonment and five years of supervised release. He now requests a certificate of appealability (COA) to appeal the denial of his 28

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-20867

U.S.C. § 2255 motion.  He argues that the district court erred by summarily denying his § 2255 motion without giving reasons for its decision, and he contends that he received ineffective assistance of counsel because his counsel failed to object to the Government's breach of the plea agreement.

The record confirms that the district court denied Le's motion in a brief order that gave no reasons.  Though the rules governing § 2255 motions do not explicitly require findings and conclusions, this court has "consistently require[d] district courts to state findings and conclusions for their rulings on motions to vacate sentence filed under 28 U.S.C. § 2255." *United States v. Daly*, 823 F.2d 871, 872 (5th Cir. 1987).  Without findings of fact or conclusions of law, this court cannot ascertain the reasons for the district court's rejection of the claims raised in Le's § 2255 motion or determine whether Le has raised issues on appeal that meet the standard for issuance of a COA, which requires "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Accordingly, IT IS ORDERED that a COA is GRANTED and the case is REMANDED for the limited purpose of the district court's entering an order with stated reasons for its denial of Le's § 2255 motion.  Once the district court has supplemented the record on appeal with its reasons, Le may file a brief addressing those reasons.  This court will then address the merits of Le's motion for a COA.